The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, the Texas and Pacific Railway Company and the Texas and Pacific Motor Transport Company, Plaintiffs,

v.

The UNITED STATES of America, and the Interstate Commerce Commission, Defendants.

Civ. A. No. 3–2250.

United States District Court
N. D. Texas,
Dallas Division.

May 17, 1968.

As Amended June 26, 1968.

Judgment Affirmed Nov. 25, 1968.
See 89 S.Ct. 400.

Thomas A. Loose, Dallas, Tex., for Texas and Pacific Railway.

Joe B. Cunningham, Ft. Worth, Tex., for Atchison, Topeka and Santa Fe Railway.

Brooks L. Harman, Odessa, Tex., and Gavin W. O'Brien, Washington, D. C., for Permian Basin Ry.

John H. D. Wigger, Washington, D. C., for the United States.

Steven Kazan, Washington, D. C., for I. C. C.

Before GOLDBERG, Circuit Judge, and HUGHES and BREWSTER, District Judges.

PER CURIAM:

This is a suit under Title 28 U.S.C. § 2284 and § 2321–2325 to set aside a Report and Order of the Interstate Commerce Commission which authorized the construction and operation by the Permian Basin Railroad Co., of a railroad line between Odessa and Seagraves, Texas. Plaintiffs contend that the Commission made insufficient findings and that such findings as it made were not supported by substantial evidence.

Upon the filing of an application by the Permian Basin Railroad Company an I. C. C. examiner conducted extensive hearings and compiled a 43-page report recommending that the application be denied. That recommendation was based primarily on his conclusion that the proposed railroad would not attract freight business in sufficient volume to operate at a profit.

The Commission majority found that for a number of commodities expected to become rail traffic the evidence warranted " * * * a much larger revenue projection than that accepted by the examiner", and that certain other commodities excluded from the examiners total revenue projection would be likely to produce income for the new railroad. The majority estimated that first-year revenues would be " * * * in the neighborhood of $600,000" and that costs would be about $550,000, leaving a net income of $50,000. Further, the Commission determined that a need exists for rail service over the proposed route and that such service would stimulate further development of a heretofore underdeveloped area. It specifically held that " * * * protesting rail carriers would not be materially affected by a grant of the application." We believe that each of these findings is supported by substantial evidence.

Nevertheless, plaintiffs complain that the Commission's findings regarding profitability were insufficient in that they were too vague, unsupported by subsidiary findings and lacking a rational basis. We disagree. Although the Commission did not compute a precise estimate of projected revenues and costs for each commodity, it did make an estimate of *total* revenues and costs, and further, it named the commodities upon which it focused in revising the examiner's estimate. We believe this to be a sufficient finding of profitability. To require greater specificity of the Commission in predicting the unpredictable is in our view unnecessary.

In addition, it should be noted that profitability is only one factor, albeit a major one, to be considered. The ultimate question is public convenience and necessity. The presence of a great need in the Permian Basin for the proposed railroad balanced against only a minimal threat of hardship to other carriers provides an adequate basis for the Commission's order, irrespective of profitability. Construction of Line by Wenatchee Southern Ry. Co., 90 ICC 237 (1924).

The order of the commission is hereby approved, the temporary injunction entered November 6, 1967 is dissolved, and all further relief prayed for by plaintiffs is denied.